UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


CLEMENTE E. DALE                          ]
     Plaintiff,                          ]
                                  ]
v.                                        ]         No. 3:05-0319
                                   ]         Judge Campbell/Brown
CORRECTIONS CORPORATION OF                ]
AMERICA, ET AL.                           ]
     Defendants.                         ]


To: Honorable Todd Campbell, United States District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N


On August 3, 2006, the Court entered an order (Docket Entry No. 62) referring this

action to the Magistrate Judge for a report and recommendation on all dispositive motions.

Presently pending before the Court are defendants' Motion to Dismiss and Motion for

Summary Judgment (Docket Entry No. 56)[1], plaintiff's Memorandum (Docket Entry No. 64) in

opposition to the Motion to Dismiss and Motion for Summary Judgment, plaintiff's *pro se*

Response (Docket Entry No. 67) to the Motion to Dismiss and Motion for Summary Judgment,

and defendants' Reply Memorandum (Docket Entry No. 69) in support of the Motion to Dismiss

and Motion for Summary Judgment.[2]

_____

      [1] There are five defendants to this action. Dr. Molly O'Toole is the only defendant who
has not joined in the Motion to Dismiss and Motion for Summary Judgment.

      [2] Plaintiff's counsel filed the Memorandum opposing defendants' motion while the
plaintiff himself supplemented this effort with his own Response, perhaps because plaintiff's

1

The undersigned has carefully reviewed these pleadings and the record in this case and finds that the defendants' Motion to Dismiss and Motion for Summary Judgment has merit. Accordingly, the Magistrate Judge respectfully recommends that, for the reasons stated below, the defendants' motion should be granted and that this action should be dismissed without prejudice.

## I. Background

The plaintiff, proceeding through counsel, is an inmate at the Metro Davidson County Detention Facility ("MDCDF") in Nashville. He brings this action against the Corrections Corporation of America, operator of the Detention Facility; Brian Gardner, Warden of the Detention Facility; Dr. Howard Burley, a former psychiatrist at MDCDF; Dr. Molly O'Toole, currently serving as a psychiatrist at MDCDF; and Dr. Ramsey Walker, a general physician at MDCDF; alleging claims under 42 U.S.C. § 1983 and medical malpractice.

According to the Second Amended Complaint (Docket Entry No. 48), the plaintiff suffers from bipolar disorder and seizures. Prior to being incarcerated, the plaintiff was prescribed Seroquel and Neurontin for these maladies.[3] However, upon his arrival at MDCDF, Drs. O'Toole and Burley refused to continue the prescriptions for these drugs.[4] As a consequence, the plaintiff suffered a return of his symptoms. The plaintiff believes that Drs. O'Toole and Burley failed to provide him with the proper medication for his conditions and, as a result, made him suffer

_____

counsel has filed a Motion to Withdraw (Docket Entry No. 63).

[3] Seroquel is commonly prescribed to treat bipolar disorder while Neurontin is prescribed to control seizures.

[4] The defendants contest the accuracy of this statement and allege that both Drs. O'Toole and Burley prescribed these particular medications for the plaintiff. *See* Defendants' Statement of Undisputed Material Facts (Docket Entry No. 58) at pgs. 2-3.

2

needlessly in violation of his constitutional rights.

It is also claimed that, in January, 2005, the plaintiff contracted a staph infection known as Methicillin-Resistant Staphylococcus Aureus ("MRSA"). This type of infection is commonly treated with antibiotics. Dr. Walker was allegedly negligent for misdiagnosing the plaintiff's symptoms as a spider bite and failing to prescribe the proper medication to combat the infection. The plaintiff further asserts that the infection presented itself in the form of a boil under his left arm. Dr. Walker and other medical personnel at MDCDF allegedly failed to change the dressing on the boil, causing the plaintiff's condition to worsen.[5]

## II. Standard of Review[6]

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must conclusively demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all the facts and

---

[5] The defendants contest the accuracy of this statement and allege that Dr. Walker correctly diagnosed the infection, treated it with the antibiotics Bactrim and Cipro, and saw that the dressing on the boil was changed whenever needed. *See* Defendants' Statement of Undisputed Material Facts (Docket Entry No. 58) at pgs. 3-5.

[6] The defendants' Motion to Dismiss and Motion for Summary Judgment relies, at least in part, on matters submitted for the Court's consideration that are outside the pleadings. Accordingly, their Motion shall be treated as one seeking summary judgment. Rule 12(b), Fed. R. Civ. P.; *see also* Docket Entry No. 47.

3

inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id, at 477 U.S. 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

### III. Exhaustion of Administrative Remedies

In their Motion to Dismiss and Motion for Summary Judgment, the defendants contend, among other things, that this action is not yet ripe for adjudication because the plaintiff did not fully exhaust available administrative remedies prior to the filing of his complaint.

Under the Prison Litigation Reform Act (PLRA), a prisoner challenging conditions of his confinement is required to exhaust all available administrative remedies before filing a § 1983 action in district court. 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is "mandatory,"

and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the . . . remedy sought is not an available remedy in the administrative process." <u>Wyatt v. Leonard</u>, 193 F.3d 876, 877-78 (6th Cir. 1999). Consequently, before a district court can adjudicate any conditions of confinement claim set forth in a prisoner's complaint, the court must determine whether the prisoner has complied with the exhaustion requirement. <u>Id</u>. at pg. 879.[7]

The prisoner plaintiff bears the burden of establishing the complete exhaustion of administrative remedies. <u>Brown v. Toombs</u>, 139 F.3d 1102, 1104 (6th Cir. 1998). To make the requisite showing, a prisoner-plaintiff must demonstrate that he presented his grievance(s) "through one complete round" of the established grievance process. <u>Thomas v. Woolum</u>, 337 F.3d 720, 733 (6th Cir. 2003). A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." <u>Wright v. Morris</u>, 111 F.3d 414, 417 n. 3 (6th Cir. 1997), <u>cert</u>. <u>denied</u>, 522 U.S. 906 (1997); *see also* <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999). Neither may a prisoner abandon the process before completion and then claim that he exhausted his remedies, or that it is now futile for him to do so. *See* <u>Hartsfield v. Vidor</u>, 199 F.3d 305, 309 (6th Cir. 1999).

Not only is a prisoner-plaintiff required to exhaust as to each defendant, *see* <u>Burton v. Jones</u>, 321 F.3d 569, 574-75 (6th Cir. 2003); <u>Curry v. Scott</u>, 249 F.3d 493, 505 (6th Cir. 2001), but he must also show that he has exhausted every claim presented in his complaint, *see* <u>Bey v. Johnson and Trierweiler</u>, 407 F.3d 801, 806 (6th Cir. 2005)(adopting the total exhaustion rule); <u>Rinard v. Luoma</u>, 440 F.3d 361 (6th Cir. 2006)(following the holding in <u>Bey v. Johnson and Trierweiler</u> that

---

[7] A denial of medical care claim is a challenge to conditions of a prisoner's confinement and, as such, is subject to the exhaustion requirements of the Prison Litigation Reform Act. *See* <u>Freeman</u>, supra at pgs. 642-644.

5

established "total exhaustion" as the law in the Sixth Circuit).[8]

The plaintiff alleges that he has fully exhausted his administrative remedies. Docket Entry No. 48 at pg. 4. He has not, however, submitted anything in the way of documentation to support his assertion of fully exhausted administrative remedies. The defendants, on the other hand, have provided an affidavit with exhibits showing that the plaintiff did not, in fact, fully exhaust administrative remedies prior to the filing of the instant action. Affidavit of Adrienne Glenn (Docket Entry No. 45).

Adrienne Glenn currently serves as the Grievance Coordinator at the Detention Facility. In that position, she oversees a clearly defined set of grievance procedures that are available to inmates at the Detention Facility. Docket Entry No. 45; Exhibit A. Her records reflect that the plaintiff has filed at least eight grievances while he has been confined there. Docket Entry No. 45; Exhibit B. Of these grievances, only four were filed by the plaintiff prior to the initiation of this action on April 19, 2005. Because a "prisoner may not exhaust his administrative remedies during the pendency of the federal suit," Freeman, supra at pg. 645, the exhaustion question rests solely upon a review of the four pre-filing grievances.

The plaintiff's first grievance was filed on January 19, 2005. Docket Entry No. 45; Exhibit B at pg. 1. In it, the plaintiff complains that "Staff would not respond to me getting my bandage

_____

[8] The Court is aware that the Sixth Circuit law on "total exhaustion" is now in a state of flux following two recent decisions by one panel of the Sixth Circuit. *See* Bell v. Konteh, et al., 450 F.3d 651 (6th Cir. 2006)(Moore, Cole, and Clay, JJ.); Spencer v. Bouchard, et al., 449 F.3d 721 (6th Cir. 2006)(Moore, Cole, and Clay, JJ.). The Court also is aware that the United States Supreme Court has granted *certiorari* to resolve the "total exhaustion" question. Williams v. Overton, __ U.S. __, 126 S.Ct. 1463 (2006); Jones v. Bock, __ U.S. __, 126 S.Ct 1462 (2006). As shown below, however, the Court does not rely on Bey and Rinard in its analysis of the PLRA's exhaustion requirement.

6

changed." While this grievance does relate to one of plaintiff's claims against Dr. Walker for failing to change the dressing on his boil, the grievance does not specifically identify Dr. Walker or any other defendant as a culpable individual. Nor does it appear that the disposition of this grievance was ever appealed beyond the initial stage of the grievance process. Consequently, plaintiff's first grievance did nothing to exhaust the administrative remedies as to this particular claim.

On February 24, 2005, the plaintiff filed his second grievance. Docket Entry No. 45; Exhibit B at pg. 2. This grievance alleged that Officer Battle would not allow the plaintiff to "go get my med". The grievance does not assert a claim found in the complaint. Neither does it allege any misconduct on the part of one or more of the defendants. Therefore, this grievance did nothing to exhaust administrative remedies. The plaintiff filed a third grievance complaining about a guard (Mrs. Harper) who had accused him of having "rigged my door". Docket Entry No. 45; Exhibit B at pg.3. Likewise, this grievance neither asserts a claim found in the complaint nor alleges misconduct on the part of one or more of the defendants.

The plaintiff's fourth grievance was filed on March 11, 2005. Here, the plaintiff complained about contracting a staph infection at the Detention Facility. He did not, however, identify any of the defendants as culpable individuals. Nor did the plaintiff ever appeal the disposition of the grievance beyond the initial stage of the grievance process.

The defendants have provided evidence showing that the plaintiff did not fully exhaust the administrative remedies for his claims prior to initiating the instant action. The plaintiff has offered nothing to suggest that this evidence is either inaccurate or subject to a more liberal interpretation. As a consequence, the plaintiff's claims being brought pursuant to 42 U.S.C. § 1983 are not yet ripe for adjudication and should be dismissed without prejudice. 42 U.S.C. § 1997(e).

### IV. Plaintiff's Medical Malpractice Claims

Besides claims arising under § 1983, the plaintiff has alleged that he was the victim of medical malpractice. Medical malpractice does not rise to the level of a constitutional tort merely because the patient is a prisoner. Estelle v. Gamble, 429 U.S. 97, 105-06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). These claims, therefore, are pendent state law issues.

Jurisdiction for this action is based upon a federal question. As discussed above, the claims which constitute the basis for federal question jurisdiction are not yet ripe for review. When claims giving the Court its original jurisdiction have been dismissed, the Court may decline to exercise supplemental jurisdiction over any pendent state law issues. 28 U.S.C. § 1367(c)(3); United Mineworkers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 1139-40, 16 L.Ed.2d 218 (1966). Finding no compelling reason for the Court to exercise supplemental jurisdiction in this case, the plaintiff's medical malpractice claims should also be dismissed without prejudice.

### V. Dr. Molly O'Toole

Dr. O'Toole is the only remaining defendant who has not yet filed a dispositive motion. It is apparent from the record, however, that the plaintiff failed to fully exhaust his administrative remedies as to this defendant as well. Therefore, the claims against Dr. O'Toole  should be dismissed sua sponte.[9]

### R E C O M M E N D A T I O N

---

[9] By this Report and Recommendation, which recommends dismissal of the remaining claims, and the ten day period for objections to be filed by the plaintiff, the procedural requirements for a sua sponte dismissal will be satisfied. Morrison v. Tomano, 755 F.2d 515, 516-17 (6th Cir. 1984); see also Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir. 1984).

8

For the reasons discussed above, the undersigned respectfully RECOMMENDS that the Court GRANT the defendants' Motion to Dismiss and Motion for Summary Judgment (Docket Entry No. 56) and DISMISS this action without prejudice for failure to exhaust administrative remedies. Should the Court adopt and approve this recommendation, it is further RECOMMENDED that the Court DENY as MOOT counsel's Motion to Withdraw (Docket Entry No. 63).

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

_/S/_ Joe B. Brown
Joe B. Brown
United States Magistrate Judge

9